101.013692         cmc         #35320

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| TIFFANY GAINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 19 L 013033 |
| ) | |
| MICHAEL S. MELCHER, Individually ) | |
| And as agent and employee of IMPEL ) | |
| UNION, INC., and IMPEL UNION, INC., ) | |
| ) | |
| Defendants. ) | |

## **NOTICE OF REMOVAL**

To:  David R. Butzen                              Clerk of the Circuit Court
     Ambrose Butzen Law Group              Richard J. Daley Center
     77 West Washington, Suite 1124        Chicago, Illinois 60602
     Chicago, Illinois 60602

NOW COMES the defendant, MICHAEL S. MELCHER ("Melcher"), by and through his attorneys, MICHAEL R. LaBARGE and CORINNE M. CLEMENT, and respectfully files this Notice of Removal pursuant to 28 U.S. §§1332, 1441, and 1446. In support thereof, defendant states as follows:

1. On November 26, 2019, plaintiff Tiffany Gaines filed a Complaint at Law in the Circuit Court of the Cook County, Illinois against Michael S. Melcher, individually and as an agent and/or employee of Impel Union, Inc, and Impel Union, Inc., captioned *Tiffany Gaines v. Michael S. Melcher, et al.,* Case No. 2019 L 013033. (See Plaintiff's Complaint at Law attached as Exhibit A.)

2. Plaintiff alleges that she sustained compensable injuries as a result of a motor vehicle accident that occurred on November 29, 2017 on I-94 just east of Martin Luther King

Drive in Chicago, Cook County, Illinois. (Exhibit A.) Plaintiff further alleges that the negligence of the defendants proximately caused the aforesaid accident and her resultant injuries. (Exhibit A.)

3. Defendant Michael S. Melcher was served with the Complaint at Law on August 7, 2020. (See Proof of Service, Exhibit B).

4. Though it is alleged that Impel Union was defendant Melcher's employer and that Melcher was acting as its agent, Impel Union has denied those claims. (See Impel Union Answer, Exhibit C). Rather, defendant Melcher was operating under the DOT authority of Carrier One at the time of the subject occurrence and therefore was solely the agent Carrier One at the time of the subject occurrence.

### ARGUMENT

**A.  There is Complete Diversity Between Plaintiff and the Only Proper Defendant**

5. There is complete diversity of citizenship between the plaintiff and the only proper defendant, Mr. Melcher, and the citizenship of Impel Union, Inc. can be disregarded by the court under the doctrine of fraudulent joinder. Plaintiff's claims stem from a motor vehicle accident that she was involved in with Mr. Melcher, who was transporting a load on behalf of Carrier One.

6. The only connection between Impel Union and this accident was that it owned the vehicle operated by Mr. Melcher at the time of the occurrence. However, Impel Union leased that vehicle to Mr. Melcher. (See Exhibit D, lease agreement.) Impel Union did not employ Mr. Melcher; rather, Mr. Melcher operated the vehicle pursuant to a contract with Carrier One. (See Exhibit E, contract; Exhibit F, declaration). Indeed, the truck was being operated pursuant to

Carrier One's DOT authority. (See Exhibit G, Illinois Traffic Crash Report, and Exhibit H, Carrier One DOT information).

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the proper parties; Tiffany Gaines and Michael Melcher, and because the plaintiff is seeking more than $75,000 in damages as a result of the motor vehicle accident.

8. Plaintiff is a citizen of Illinois because she resides in Lansing, Illinois. (See Exhibit A).

9. Mr. Melcher is a citizen of Florida because he resides in Florida. (See Exhibit A, B.)

10. Impel Union is a citizen of Illinois, where it is legally incorporated and where its principal place of business is located. However, as discussed above, its citizenship should be disregarded for jurisdictional purposes because of its lack of involvement in this case.

11. Upon information and belief, Carrier One is a citizen of Delaware, where it is legally incorporated and Indiana, where its principal place of business is located. Therefore, even if Carrier One were added as a defendant to this case, it would not destroy diversity of citizenship.

12. Under well-established principles of federal law and civil procedure, a plaintiff may not destroy a defendant's right of removal by fraudulently or improperly joining a resident defendant.

13. The court must give paramount consideration to the reasonableness of the basis underlying the state claim when determining if a non-diverse defendant has been fraudulently

joined. Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against resident defendants.

14. Plaintiff's cause of action stems from a motor vehicle accident involving Michael Melcher. At the time of the accident, Mr. Melcher was operating under the authority of Carrier One, and thus was acting as its agent. See *U.S. Bank v. Lindsey*, 397 Ill.App.3d 437 (2009) ("placard liability" holds federally authorized carriers licensed by the U.S. Department of Transportation vicariously liable for drivers operating under its D.O.T. number); see also National American Insurance Company v. Progressive Corporation, 43 F.Supp.3d 873 (2014). Impel Union did not have any involvement in hiring Melcher, training Melcher, brokering the load, facilitating the load, or transporting the load. (See Exhibit F, declaration.)

15. Plaintiff cannot set forth any facts or legal theory that would prove a reasonable basis for its claims against Impel Union, Inc.

16. There is no basis in law or in fact to hold Impel Union liable for claims related to the subject motor vehicle accident.

17. As such, this Court should consider Impel Union fraudulently and improperly joined and disregard its citizenship for purposes of this removal.

**B.     The Amount in Controversy Exceeds $75,000**

18. Based upon plaintiff Tiffany Gaines's allegations in the Complaint and her recent settlement demand of $250,000, she is seeking damages in excess of $75,000. Plaintiff alleges in the Complaint that she suffered severe and permanent injuries and that she was caused pain and suffering, loss of a normal life, lost wages and earning capability, an increased likelihood of future injury, and emotional trauma. (Exhibit A, Count I, ¶10.) Plaintiff Tiffany Gaines demands judgment in excess of $50,000. (Exhibit A.) Moreover, upon information and belief,

plaintiff's medical specials are in excess of $80,000 and are increasing with continued treatment and surgery.

**C.      Removal is Proper**

19.     A true and correct copy of the Complaint from the State Court Action which was served upon defendant is attached and filed with this Notice of Removal in compliance with 28 U.S.C. §1446.  (Exhibit A.)

20.     This Notice of Removal was filed within 30 days of when Mr. Melcher was served with plaintiff's Complaint. Consequently, Removal is timely filed in accordance with 28 U.S.C. §1446(b).

21.     Moreover, venue is proper in this Court pursuant to 28 U.S.C. §1441(a) and 1446(a) because the Northern District of Illinois, Eastern Division, is the Federal Judicial District that exercises jurisdiction over the Circuit Court of Cook County, Illinois, where the State Court Action is pending.

22.     By this Notice of Removal, the defendant does not waive any objection it may have as to service, jurisdiction, or venue, or any other defenses or objections it may have to this action.  Defendants intend no admissions of fact, law, or liability by this Notice and expressly reserves all defenses, motions, and/or pleas.

23.     Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, the defendant, MICHAEL S. MELCHER., by and through its attorneys, MICHAEL R. LaBARGE and CORINNE M. CLEMENT, respectfully requests that this action proceed in the Northern District of Illinois, Eastern Division, and for any further relief this Court deems appropriate.

By: */s/ Michael R. LaBarge*

By: */s/ Corinne M. Clement*

Michael R. LaBarge
Corinne M. Clement
LaBarge, Campbell & Lyon, L.L.C.
Attorneys for Defendants Melcher and Impel Union
200 West Jackson Boulevard, Suite 2050
Chicago, Illinois 60606
312-580-9010
mlabarge@lcllaw.com
cclement@lcllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2020, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> David R. Butzen
> Ambrose Butzen Law Group, PC
> 77 West Washington Street
> Suite 1124
> Chicago, IL 60602
> dbutzen@ambrosetriallaw.com

*/s/ Michael R. LaBarge*
Michael R. LaBarge

*/s/ Corinne M. Clement*
Corinne M. Clement

LaBARGE, CAMPBELL & LYON, L.L.C.
Attorneys for Defendants Melcher and Impel Union
200 West Jackson Boulevard, Suite 2050
Chicago, Illinois 60606
312-580-9010
312-580-9011
mlabarge@lcllaw.com; cclement@lcllaw.com